# McAllister *versus* Samuel.

The real as well as personal property of an insolvent debtor vests in his trustees at the time of his discharge; a formal assignment by the debtor is not necessary to pass it.

ERROR to the District Court, *Philadelphia.*

Charles McAllister, the plaintiff in error, was plaintiff, and the defendants in error, namely, David Samuel and Joseph M. Moss, as garnishees of Joseph L. Moss and Isaac Phillips, trading as R. & I. Phillips, were defendants below.

The plaintiff obtained judgment against R. & I. Phillips, on the 22d July, 1837; and on the *twentieth* day of October, 1837, he issued the attachment execution in this case, which was served on the same day.

Upon the trial it appeared that the original defendants, on March 22, 1837, had executed to the defendants (*garnishees*) an assignment, which was not recorded within thirty days, and which was held by this Court (in Weber *v.* Samuel, 7 *Barr* 499) to be voidable by creditors; and on June 22, 1837, another assignment, which in the same case has been holden to be invalid, because, while it stipulated for a release, it did not assign *all* the property of the assignors. On the day of the service of this attachment the garnishees had in hand assigned property, and the proceeds thereof, more than sufficient to pay the judgment in this case.

On October 2, 1837, the original defendants presented their petitions for the benefit of the Insolvent Laws, and on the *nineteenth* day of October, 1837, were severally discharged under the insolvent laws; they omitting, however, to execute the assignment required by the Act of 1836.

On September 29, 1838, the Court of Common Pleas made the following order, in conformity with which they severally executed the assignments required by law:—

" *Sept.* 29, 1838, *on motion of J. Randall, Esq., the court permit the petitioners, Joseph L. Moss and Isaac Phillips, to sign the assignments annexed to their petitions, and direct the*

[McAllister *v.* Samuel.]

*date of said assignments to be filled up as of this day, and that the time from which said assignment shall take effect shall thereafter be determined by the proper authority, and the court refuse to alter the appointment of assignees made at the time the petitioners were sworn and discharged, to wit, in the term of December, 1837.*"

The judge charged as follows:—

"There is no question of fact involved in this case; it is a mere question of law. If the deeds of assignment of March 22, 1837, and June 22, 1837, be void, the only party entitled to take advantage of such fact, or to recover the estate purporting to be assigned by them, is the trustee of Mr. Phillips and Mr. Moss under the insolvent laws, who have not only all the rights of the insolvents, but all the rights of the creditors. Your verdict must therefore be for defendants."

This charge was excepted to. Verdict was rendered for defendants; judgment was entered accordingly, and this writ of error taken out.

Error was assigned to the charge.

The case was argued by *Cuyler* for plaintiff in error.

*St. Geo. T. Campbell,* for defendant in error, and on behalf of Daniel L. Miller, Jr., the trustee of the insolvents.

*H. M. Phillips* in reply.

The opinion of the court was delivered Dec. 29, 1851, by

BLACK, C. J.—The question presented for decision in this case is whether the trustees of R. & I. Phillips, insolvent debtors, acquired title to their property by *the discharge,* or whether, in order to pass the estate and vest it in the trustees, it was necessary that a formal assignment should be made by the insolvents. The same point, upon precisely the same state of facts, arose in the case of Moncure *v.* Hanson, decided in April last, and reported in 3 *Harris* 385. This court then held that the estate vested in the trustees at the time of the discharge. Where a question has been once deliberately settled after solemn argument, it ought not to be disturbed, unless it be so manifestly erroneous that it cannot be supported without doing violence to reason and justice. But the defendants in error have something besides mere authority in their favor. We have reconsidered the case of Moncure *v.* Hanson, and have heard attentively an able argument, in which the opinion of Mr. Justice BELL was subjected to a minute and careful analysis, yet we have not either seen or heard anything to shake our confidence in the soundness of it.

The judgment is therefore affirmed; and the cases of Catherwood *v.* Phillips, Farmers' Bank *v.* Phillips, and Houston *v.*

[McAllister *v.* Samuel.]

Phillips, being in all respects similar to this, and having been submitted to the court on the same argument, the judgments in those cases are also affirmed.